11-5397
Low v. Holder

BIA
Laforest, IJ
A098 825 242

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

SEE YIN LOW,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-5397
NAC

_____

FOR PETITIONER:          Scott Eric Bratton, Margaret Wong & Associates, Cleveland, OH.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner See Yin Low, a native and citizen of Malaysia, seeks review of a December 16, 2011, order of the BIA, affirming the June 9, 2010, decision of Immigration Judge ("IJ") Brigitte Laforest, which pretermitted her application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re See Yin Low*, No. A098 825 242 (B.I.A. Dec. 16, 2011), *aff'g* No. A098 825 242 (Immig. Ct. New York City June 9, 2010). On appeal, Low challenges only the agency's denial of withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

"Because the BIA adopted and affirmed the IJ's decision, we review the two decisions in tandem." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "The 'substantial evidence' standard of review applies, and we uphold the IJ's factual findings if they are supported by 'reasonable, substantial and probative evidence in the record.'" *Id.* (citations omitted).

In order to qualify for withholding of removal, an applicant must "establish that . . . her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). "If the applicant is determined to have suffered past persecution in the proposed country of removal on account of [a protected characteristic], it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal." *Id.* § 1208.16(b)(1). In the absence of past persecution, an applicant must show "that it is more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion" as a result of her removal. *Id.* § 1208.16(b)(2).

Here, the agency did not err in finding that Low had failed to establish past persecution on account of a protected ground. In finding that Low failed to show that her Chinese ethnicity was the reason why ethnic Malays attacked her in 1995, the agency reasonably noted that her assailants accused her of trying to trip them, and did not

3

mention her ethnicity. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (affording deference to agency findings that are "tethered to the evidentiary record"). Although Low asserts that the incident occurred because she is Chinese and the perpetrators were Malays, the agency did not err in determining that her ethnicity was not a cause for the attack, particularly given that she did not suffer any similar attack over the course of the next five years. *See Siewe*, 480 F.3d at 160 (noting that "support for a contrary inference⸻even one more plausible or more natural⸻does not suggest error"). Similarly, the agency reasonably determined that the isolated incidents of impoliteness Low suffered while training at a hotel did not rise to the level of persecution. 8 C.F.R. § 1208.16(b) (requiring a threat to "life or freedom").

The agency also did not err in finding that Low failed to establish a likelihood of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that, in the absence of solid support in the record, a fear of future persecution was "speculative at best"). An applicant, such as Low, who has not suffered past persecution may establish her eligibility for withholding of

4

removal only by: (1) offering "evidence that [] she would be singled out individually for . . . persecution"; or (2) by proving that "there is a pattern or practice of persecution of a group of persons similarly situated to [her]." 8 C.F.R. § 1208.16(b)(2). The agency reasonably determined that Low failed to meet her burden because she remained in Malaysia for five years after the 1995 attack without incident, she did not experience any problems during her years of education, and her father and brother have continued to live in Malaysia without harm. *See Jian Xing Huang*, 421 F.3d at 129.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5